## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ALVETTA KAREN HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No:  3:20-cv-363 |
| | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| OF AMERICA | ) | |
| The Prudential Insurance Company | ) | |
| of America | ) | |
| 290 West Mount Pleasant Avenue | ) | |
| Livingston, New Jersey 07039 | ) | |
| | ) | |
| and | ) | |
| | ) | |
| LOCKHEED MARTIN CORPORATION | ) | |
| Lockheed Martin Corporation | ) | |
| 6801 Rockledge Drive | ) | |
| Bethesda, Maryland 20817 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, Alvetta Karen Hall, by and through counsel, Gallagher Davis, L.L.P., and for her Complaint, states as follows:

## COUNT I : GENERAL ALLEGATIONS COMMON TO ALL COUNTS-- VENUE AND JURISDICTION

1.       This is an action arising under the Employee Income Security Act of 1974, as amended, 29 U.S.C. §1001 et seq. (ERISA), to redress breaches of fiduciary duties under ERISA, and to recover costs, attorneys' fees and interest as provided by ERISA.

2.      This is an action brought pursuant to 29 U.S.C. §1132(e)(1) and 28 U.S.C. §1331.  Under

29 U.S.C. § 1132(f), the Court has jurisdiction without respect to the amount in controversy or

the citizenship of the parties.

3.      Venue is proper in this District pursuant to 29 U.S.C. §1132(e)(2), in that the subject

employee welfare benefit plans and employee insurance programs are administered in this

District, the breaches of duty herein alleged occurred in this District, and all Defendants reside or

are found in this District.

## PARTIES

4.      Plaintiff Karen Hall ("Karen") is an individual residing in St. Louis County, Missouri.

At all relevant times, Karen was an employee of Lockheed Martin Corporation ("LMC") in

O'Fallon, Illinois and was a vested participant in Group Insurance Policies for certain employees

of  LMC, which provides employee welfare benefit plans within the meaning of 29 U.S.C.

§1002.  Karen has standing to bring this action as a beneficiary under 29 U.S.C. § 1132(a).

5.      The Prudential Insurance Company of America ("Prudential") is an insurance company

incorporated in New Jersey and is doing business in Illinois under a license to do business as a

Foreign Insurance Company. Prudential administers and pays benefits under the terms of life

insurance policies available to LMC employees through an Employee Benefits Plan, and is a

fiduciary within the meaning of 29 U.S.C. §§ 1002(21) and 1102.

4.      Lockheed Martin Corporation ("LMC") is a corporation incorporated in Maryland and is

doing business in Illinois under as a Foreign Corporation. LMC is the plan sponsor and plan

administrator of certain employee welfare benefit programs, including life insurance policies

insured by Prudential, and is a fiduciary within the meaning of 29 U.S.C. §§ 1002(21) and 1102.

2

## COUNT II: CLAIM FOR LIFE INSURANCE  BENEFITS
## UNDER 29 U.S.C. § 1132 (A)(3) AGAINST PRUDENTIAL

5.      On December 20, 2016, during LMS's annual open enrollment period for employee

benefits, Karen attempted to enroll for Dependent Optional Life Insurance under the Lockheed

Martin Corporation Salaried Employees Optional Dependents Term Life Coverage, ( "life

insurance policy") (Ex. A attached).

6.      The life insurance policy, which was insured by Prudential, provided that:

"A benefit is payable under this Coverage if your Qualified Dependent dies from any cause

except suicide within one year of becoming a Covered Person."

7.      A qualified dependent is defined under the life insurance policy as either "your spouse or

unmarried children 14 days old but less than 19 years old."

8.      Karen selected a death benefit equal to 200% (two times) her qualified pay under the

Optional Dependents Term Life Insurance Policy with coverage effective beginning January 1,

2017.

9.      The Optional Dependents Term Life Coverage provide Insurance Policy stated in part:

**Non-medical Limit on Your Spouse's Amount of Insurance:**  There is a limit on the amount for
which your spouse may be insured without submitting evidence of insurability.  This is called the Non-
medical Limit.  If the amount of insurance for your Class at any time is more than the Non-medical
Limit, you must give evidence of your spouse's insurability satisfactory to Prudential before the part
over the Limit can become effective.  This requirement applies:  when your spouse first becomes
insured; when your Class changes; or if the amount for your Class is changed by an amendment to
the Group Contract.  Even if your spouse is insured for an amount over the Limit, your spouse will still
have to meet this evidence requirement before any increase in your spouse's amount of insurance
can become effective.  The amount of your spouse's insurance will be increased to the amount for
your Class when Prudential decides the evidence is satisfactory and you meet the Active Work
Requirement.

Non-medical Limit: An amount equal to 200% of your Annual Base Pay when you are initially eligible
to enroll in the insurance.

In addition, any increase in your current spouse amount to a higher amount will require evidence of
insurability.

The Delay of Effective Date section does not apply to this provision.

10.     On April 17, 2017 Karen's spouse, Dennis W. Hall, died of natural causes.

11.     After her spouse's death, Karen made a claim with Prudential for the death benefits under the life insurance policy she had enrolled through her employer LMC.

12.     On July 31, 2018, Prudential denied Karen's claim on the basis that "Evidence of Insurability was not completed."

13.     In support of its decision, Prudential attached to its denial letter an internal guideline entitled "LIFECLM 207 Eligibility and Evidence of Insurability," which stated in part: "When an employee or dependent applies for life coverage in excess of the non-medical maximum, after the initial eligibility period, he/she may be considered a late entrant and may be required to provide evidence of insurability (EOI)."

14.     Under the terms of the Prudential insurance policy which Karen selected during open enrollment for the 2017 plan year, the "non-medical maximum limit" for coverage was 200% of salary, and according to the plain language of  Prudential's insurance policy and its internal guidelines Evidence of Insurability is not required when an employee selects dependent life insurance coverage in the amount of 200% of salary.

15.     Because Karen selected the option for dependent life insurance coverage with a death benefit equal to 200% of her qualified earnings for the 2017 plan year she was not required to provide Evidence of Insurability to be eligible for coverage for the death of her spouse under the Prudential insurance policy.

16.     Karen administratively appealed Prudential's denial of benefits and has exhausted her administrative remedies.

17.     In denying Death Benefits under the life insurance policy, Prudential, acting as a fiduciary in the administration of Karen's claim, failed to adequately consider the facts and circumstances

regarding her claim, failed to adequately investigate the facts supporting her claim, and relied on

unfair, biased and incomplete information in denying her Dependent Term life insurance claim.

18.     Prudential's decision to deny Karen's claim was arbitrary and capricious, not based on

substantial evidence and was the product of a conflict of interest and procedural irregularity.


**WHEREFORE**, Plaintiff prays that this Court:

        (a)     Grant judgment in her favor and against Defendants on all claims;

        (b)     Order that Defendant pay the death benefit of $103,000 due under the life

insurance policy;

        (c)     Declare Plaintiff's rights under the terms of the Plan, and clarify her rights to

future benefits under the terms of the Plan;

        (d)     Enjoin Defendants to provide a procedure for a full and fair review of adverse

determinations under the Plan in accordance with 29 U.S.C. § 1133;

        (e)     Enjoin Defendants to discharge their fiduciary duties in accordance with 29

U.S.C. § 1104;

        (f)     Order that Defendant pay the costs of suit, including Plaintiff's attorneys'

fees and costs pursuant to 29 U.S.C. § 1132(g); and

        (g)     Award all such other and further relief as this Court deems just and proper.


### COUNT III – BREACH OF FIDUCIARY DUTY AGAINST LOCKHEED MARTIN CORPORATION UNDER 19 USC § 1132(1)(3)

19.     Plaintiff hereby alleges and incorporates by reference each and every allegation set forth

above as though fully set forth herein.

20.     Karen first attempted to enroll in dependent life insurance coverage during her new hire

period after she was first hired by LMC in March 14, 2016.

21.     During that time, LMC was experiencing technical difficulties with its web based open enrollment system and the system mistakenly listed Karen as single and would not allow her to enroll her spouse in dependent life insurance coverage.

22.     Karen attempted to have the mistake corrected however she was advised the new hire period had passed and she would have to re-enroll during open enrollment at the end of the year.

23.     If Karen had been able to enroll for life insurance coverage during her new hire period, there would be no Evidence of Insurability required under any of the coverage levels available for her to purchase as part of the Group Life Insurance employee benefits offered to her that were insured by Prudential.

24.     During open enrollment on December 20, 2016 Karen in dependent life insurance coverage for her spouse with a death benefit at the level of two times her annual salary of $51,500 by selecting that option on LMC's web based benefits enrollment portal which indicated the coverage would be effective on January 1, 2017 at a premium of $11.98 per pay period.

25.     After Karen's spouse died and she made a claim with Prudential for death benefits, Prudential contacted LMC and its agents to determine the appropriate coverage.

26.     LMC and its agents informed Prudential that the coverage selected by Karen was not effective because there was never an Evidence of Insurability form filed for her spouse, despite the fact that Karen attempted to enroll during her new hire period and also had enrolled during open enrollment for a benefit amount under the non-medical limit of coverage and Evidence of Insurability was not required under the terms of the Policy.

27.     By its actions and misrepresentations, LMC and its agents misled Prudential as to the dependent life insurance coverage selected by Karen under the Benefit Plan and payable to her

upon the death of her spouse by stating that her enrollment was not valid because she failed to complete a required Evidence of Insurability form.

28.   LMC owed a fiduciary duty in its capacity as the plan administrator to act for the exclusive purposes of providing benefits to participants and beneficiaries with the care and skill and diligence under the circumstances in accordance with the documents and instruments governing the Plan.

29.   LMC breached its fiduciary duties when they failed to comply with their obligations under 29 U.S.C. § 1104 to act for the exclusive purpose of providing benefits to Plan participants and beneficiaries when they failed to correctly process her enrollments with careful skill and diligence and misled Karen and Prudential as to her participation in the Plan and her entitlement to life insurance benefits upon the death of her spouse.

30.   The acts and/or omissions of LMC as outlined above violated ERISA and constitute a breach of the fiduciary duty owed to Karen under 29 U.S.C. § 1104.

31.   As a direct and proximate cause of the breach of fiduciary duty owed to Karen by LMC as alleged above, Karen has incurred financial expenses resulting from retaining counsel to appeal Prudential's wrongful denial of benefits owed to her under the Plan.

32.   As a direct and proximate cause of the breach of the fiduciary duty owed to her by LMC, Karen has suffered actual harm in her reliance on the misrepresentations made by LMC and its agents.

33.   Karen reasonably relied on LMC's promise of benefits her reliance on those benefits was foreseeable.  At all relevant times, Karen believed her employment entitled her to dependent life insurance benefits and that she met all conditions precedent for those benefits based on the language of the governing plan instruments.  That belief was reinforced and further made

reasonable when she reapplied for dependent life insurance coverage below the non-medical limit in December 2016 after being directed to do so by LMC.  Karen's reliance on the life insurance benefits from LMC as financial protection in the event of her spouse's death was foreseeable by LMC, as she requested coverage and LMC continued to represent that she would an eligible participant in the dependent life insurance plan if she enrolled during open enrollment.

34.    Karen's reliance on the promise made by LMC has brought her actual harm in the loss of dependent life insurance benefits.

35.    The allegations above merit the imposition of equitable relief under 29 U.S.C. § 1132(a)(3), including specific performance, equitable estoppel and surcharge, in order to compensate Karen for the losses incurred by her and for the unjust enrichment LMC has realized as a result of its wrongful denial.


**WHEREFORE**, Plaintiff prays that this Court:

(a)    Grant judgment in his favor and against Defendants on all claims;

(b)    Declare Plaintiff's rights under the terms of the Plan, and clarify his rights to future benefits under the terms of the Plan;

(c)    Enjoin Defendants to provide a procedure for a full and fair review of adverse determinations under the Plan in accordance with 29 U.S.C. § 1133;

(d)    Enjoin Defendants to discharge their fiduciary duties in accordance with 29 U.S.C. § 1104;

(e)    Grant judgment against Lockheed Martin Corporation and the imposition of equitable remedies including specific performance of the contract and equitable estoppel;

(f)    Order restitution or surcharge to disgorge Defendants' unjust enrichment in wrongfully delaying and denying benefits and/or to make Plaintiff whole for losses including

loss of life insurance benefits and payment of his attorneys' fees caused by Prudential's

violation of 29 U.S.C. § 1133 and breach of fiduciary duty;

(g)     Order that Defendant pay the costs of suit, including Plaintiff's attorneys' fees and

costs pursuant to 29 U.S.C. § 1132(g); and

(h)     Award all such other and further relief as this Court deems just and proper.

GALLAGHER DAVIS, L.L.P.

Matthew R. Davis, IL6291499
2333 S Hanley Road
St. Louis, Missouri 63144
(314) 725-1780
Fax (314) 725-0101
matt@gallagherdavis.com

Attorneys for Plaintiff